IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN LUIS RAMIREZ, <br><br> Defendant. | ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br><br> Case No. 2:16-CR-527 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant was charged with possession of methamphetamine with the intent to distribute. On May 1, 2017, the Court sentenced Defendant to 60 months in the custody of the Bureau of Prisons, to be followed by 36 months of supervised release. Defendant began his term of supervision on February 7, 2020. Defendant now seeks early termination of his term of supervision. Defendant represents that he completed RDAP while in custody, has complied with the terms of supervision, and has obtained gainful employment.

II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an

offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, the Court finds that early termination of Defendant's supervised release is not appropriate at this time. The Court commends Defendant's progress while on supervision. However, the Court finds that further supervision is necessary. Therefore, the Court will deny the Motion without prejudice.[1]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 33) is DENIED WITHOUT PREJUDICE.

DATED this 16th day of April, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Because a refusal to terminate supervised release is not a modification of the conditions of supervised release, a court is not required to hold a hearing under Federal Rule of Criminal Procedure 32.1(c) if it decides not to grant a request for early termination. *See United States v. Reagan*, 162 F. App'x 912, 913 (11th Cir. 2006).